FILED by MB

ELECTRONIC

**MAY 12, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: **08-80505-Civ-ZLOCH/SNOW**

FRANK A. VASSI, an individual,

   Plaintiff,

vs.

ADAM JEFFREY KATZ, P.A., a Florida
professional association, doing business as
"Law Offices of Adam J. Katz, P.A.," and
ADAM JEFFREY KATZ, an individual,

   Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

  Plaintiff, Frank A. Vassi, an individual, sues Defendants, Adam Jeffrey Katz, P.A., a

Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A," and

Adam Jeffrey Katz, an individual, and alleges:

### *INTRODUCTION*

  1.  This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly

as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.551,

*et seq.*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"),

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

  2.  Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337, and

supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C.§ 1367.

-1-

### *ALLEGATIONS AS TO PARTIES*

3.     At all times material hereto, Plaintiff, Frank A. Vassi ("Mr. Vassi") was *sui juris* and a resident of Palm Beach County, Florida.

4.     At all times material hereto, Defendant, Adam Jeffrey Katz, P.A. ("Katz Law Firm") was a Florida professional association doing business in Broward County, Florida under the trade name "Law Offices of Adam J. Katz, P.A."

5.     At all times material hereto, Defendant, Adam Jeffrey Katz ("Attorney Katz"), was *sui juris* and a resident of Broward County, Florida.

6.     At all times material hereto, Defendants are and were engaged in the collection of consumer debts using mail and telephone communications to debtors.

7.     All acts and omissions of any employee, agent or representative of Defendants were within the scope of the employment and authority of the employee, agent or representative were committed with actual, constructive or implied knowledge and consent of Defendants.

### *FACTUAL ALLEGATIONS*

8.     Sometime in the early 1990's, Mr. Vassi opened a revolving line of credit known more commonly as a "credit card account" ("Charge Account") with First USA Bank, N.A. ("First USA Bank").

9.     As a result of the passage of many years since the opening the Charge Account, Mr. Vassi does not have in his possession, custody and/or control any documentation with respect to the opening of the Charge Account with First USA Bank.

10.     To the best information available to Mr. Vassi, no payment was made on the Charge Account to First USA Bank since at least 2001.

11.     Upon information and belief, a Pennsylvania company by the name of "Commonwealth Financial Systems, Inc." ("Commonwealth Financial"), purchased the Charge Account from First USA Bank or its assignees as part of a business plan to dispose of uncollectible and charged-off consumer accounts in a business practice known more commonly in the debt collection trade as "debt scavenging," "zombie debt collection" or "junk debt collection." In the typical business model employed by businesses such as Commonwealth Financial, the debt collection agency will buy charged-off accounts from the original lender for pennies on the dollar.

12.     Businesses adopting the aforementioned business model will attempt to collect the principal indebtedness of the charged-off debt together with accrued interest from the consumer obligor using tactics which implicitly or even expressly state to the least sophisticated consumer that the stale, time-barred debt is an obligation which is enforceable through judicial means and is reportable to the credit reporting agencies despite such debts being "obsolete" and not reportable under the Fair Credit Reporting Act.

13.     Upon information and belief, Commonwealth Financial employed Defendants for the purpose of collecting or attempting to collect the Charge Account from Mr. Vassi.

14.     Commencing in May, 2007 through to the date of the filing hereof, Defendants, through its agents, employees and/or representatives acted within the scope of their employment and with the authority of Defendants, began a pattern of conduct reasonably calculated to harass, threaten or coerce Mr. Vassi into paying monies under the Charge Account.

15.     On or about May 14, 2007, Defendants filed or caused to be filed a civil action against Mr. Vassi in an attempt to collect the Charge Account in that certain case styled

-3-

"*Commonwealth Financial Systems, Inc. v. Frank A. Vassi, in the Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No.:07-010740 (12)*" ("Broward County Collection Proceeding").

16.     A true and correct copy of the Complaint and all exhibits attached thereto filed in the Broward County Collection Proceeding is attached hereto and incorporated herein by reference as Composite Exhibit "A."

17.     The Broward County Collection Proceeding was filed against Mr. Vassi despite the fact that the Defendants knew that the Charge Account was time-barred by operation of the applicable statutes of limitations.

18.     The Broward County Collection Proceeding was filed and prosecuted in Broward County, Florida, despite the fact that the Defendants knew that Mr. Vassi was a resident of Palm Beach County, Florida.

19.     Defendants attached as an exhibit to the Complaint filed in the Broward County Collection Proceeding a document entitled "Notice Required by the Fair Debt Collection Practices Act, 15 U.S.C. Section 1601, As Amended" ("FDCPA Validation Notice").

20.     The FDCPA Validation Notice was prepared by Defendants in purported compliance with the requirements of 15 U.S.C. §1692g(a).

21.     On June 18, 2007, Defendants served or caused to be served the Summons and Complaint filed in the Broward County Collection Proceeding on Mr. Vassi at his residence at 4050 NW 2nd Court, Delray Beach, Florida 33445.

22.     On or about July 6, 2007, as part of his response to the Complaint in the Broward County Collection Proceeding, Mr. Vassi sent or caused to be sent to Defendants a request for

verification or validation of the debt being sued upon in the Broward County Collection Proceeding ("Request for Validation").

23.     A true and correct copy of the Request for Validation is attached hereto and incorporated herein by reference as Exhibit "B."

24.     Pursuant to the Request for Validation, Mr. Vassi informed Defendants that he had been sued in an improper venue through the filing of an unambiguous statement: "I am not and never have been a resident of Broward County."

25.     Pursuant to the Request for Validation, Mr. Vassi exercised his rights under the FDCPA for validation of the debt being collected by Defendants.

26.     On or about July 14, 2007, Defendants sent or caused to be sent to Mr. Vassi a letter in response to the Request for Validation ("Response to Validation Request").

27.     A true and correct copy of the Response to Validation Request is attached hereto and incorporated herein by reference as Exhibit "C."

28.     Through the Response to Validation Request, Defendants represented *inter alia* the following:

> The reason for your refusal to pay is **not relevant**, but will prove to
> be a poor decision this time should you continue on this path.
> While I acknowledge and respect your "rights" as a debtor pursuant
> to the applicable Federal and State Law, I also acknowledge and
> respect the "attorney's fees provision" in your cardholder
> agreement with First USA Bank.  This will ultimately prove to be
> your biggest nemesis should you refuse to acknowledge and pay

-5-

this debt.

(emphasis added by Plaintiff)

29.     The representation that "the reason for your refusal to pay is not relevant" is a blatant attempt to falsely, deceptively, unfairly and unconscionably imply to Mr. Vassi as a least sophisticated consumer that Mr. Vassi did not have the right to request validation of a debt or to assert valid defenses to the Broward County Collection Proceeding, including *inter alia* the statutes of limitations. This position is especially compelling as Defendants used the threat of attorney's fees to dissuade Mr. Vassi from exercising his rights under the FDCPA or to assert defenses to the Broward County Collection Proceeding.

30.     Pursuant to the Response to Validation Request, Defendants represented the following:

> Within your response, you site (sic) venue, proof of debt, in
> addition to claims that my client has violated the FDCPA. I can
> assure you, that **regardless of the merits** of these defenses, your
> debt is valid and you will be satisfying same, the only issue is the
> amount.  What that amount is squarely depends upon your conduct
> forthwith.  If you choose to assert every defense under the sun,
> **whether in good faith or bad**, I will respond to same at the tune
> of $250.00 per hour.

(misspelling by Defendants; emphasis by Plaintiff)

31.     The reference that "regardless of the merits [of Mr. Vassi's] defenses, your debt is valid" unfairly, falsely and deceptively implies to Mr. Vassi as a least sophisticated consumer:

-6-

- that Mr. Vassi would be required to pay Commonwealth Financial even if he was not legally obligated to by way of a meritorious defense.

- that Mr. Vassi was not entitled to exercise his rights under the FDCPA for validation of the debt.

32.     Pursuant to the Response for Validation Request, Defendants represented *inter alia* the following:

> If you choose the alternative, then I will litigate this matter until Final Judgment, revoke all settlement offers, and unltimately (sic) execute said Final Judgment with the maximum principal, interest, costs, suit money and attorney's fees as permitted by law.

> (misspelling by Defendants)

33.     The representation that Defendants would "revoke all settlement offers" falsely and deceptively implied to Mr. Vassi as a least sophisticated consumer that a settlement offer was open to Mr. Vassi when in fact no such settlement offer had been extended.

34.     Through the Response to the Validation Request, Defendants claim the right to recover attorney's fees from Mr. Vassi at the rate of $250.00 per hour.

35.     By information and belief, a claimed rate of $250.00 an hour for the legal services of Defendants is excessive and unreasonable under Rule 4-1.5, Rules Regulating The Florida Bar.

36.     The Response to Validation Request by Defendants failed to comply with the requirements of 15 U.S.C. §1692g in that Defendants did not obtain verification of the debt in a manner mandated under the FDCPA.

-7-

37.     Despite the fact that Defendants did not validate the purported debt represented by the Charge Account, Defendants, through their agents, employees and representatives commenced repeated telephone communications to Mr. Vassi which included the following messages on the voice mail of Mr. Vassi:

**Message 1:**

[unintelligible] let me make sure if I have the correct number here, uh, please give me a call back, uh, if this is the correct number, 954-761-8080 [unintelligible] Thank you very much. Bye bye.

**Message 2**

**From 954-757-8033, received August 3 at 4:43 p.m.:**

Yes, this message is from Adam Katz I am calling you with the intention of hopefully entering into a settlement [unintelligible] you know, uh, it's in your best interest if clearly, uh, you can avoid the hiring of an attorney and I can also try to get as aggressive as I can, uh, if we're settling this matter [unintelligible] posture. But we do need to speak in order to negotiate, uh, I know you've tried to call me but you gotta make a real good, more of a better effort. This is the second time I'm calling you and I'm not gonna do it again, my time is too valuable. 954-761-8080. Thank you.

### Message 3

### From 954-757-8033, received August 7 at 9:15 p.m.:

Frank Vassi, Attorney Adam Katz. It is imperative that you call me

954-761-8080. Thank you.


### Message 4

### From 954-757-8033, received August 7 at 6:35 p.m.:

Hi, Frank Vassi, this is Toni Robinson with the law office of Adam

Katz. Give me a call back please 954-761-8080. My direct

extension is 205. Uh, Mr. Vassi when you call, uh, give reference

number 104756. Thank you.


### Message 5:

### From 954-656-8661, received September 17 at 3:51 p.m.:

I'm calling for Frank Vassi. Frank, this is Manuel Diaz. It is

important you and I speak concerning a legal matter I'm handling,

I'm calling from the law office of Adam Katz. My, uh, telephone

number is 954-761-8080. Again, it's Manny Diaz, it's important

that we speak concerning this rather urgent legal matter which

requires your immediate attention and has severe ramifications. My

number is 954-761-8080. You may reach my secretary or a

paralegal, make sure you speak to me personally. Again, my name

is Manny Diaz. Good luck.

38.     The representation by Defendants in the August 3, 2007 telephone message that the caller would not be calling Mr. Vassi again was false and deceptive as demonstrated by the subsequent telephone calls by Defendants.  Rather, it was the intent of Defendants to create a false sense of urgency in Mr. Vassi to return the telephone calls of Defendants.

39.     The repeated telephone communications by Defendants and their agents, employees and representatives were made by Defendants despite the fact that Mr. Vassi had informed Defendants through the Request for Validation that Mr. Vassi refused to pay the purported debt represented by the Charge Account.

40.     Despite the fact that Defendants had not validated the Charge Account, Defendants continued in the prosecution of the Broward County Collection Proceeding.

41.     The continued prosecution of the Broward County Collection Proceeding included the service of discovery, including a Request for Production of Documents, bearing certificate of service date February 19, 2008 ("Production Request").

42.     A true and correct copy of the Production Request is attached hereto and incorporated herein by reference as Exhibit "D."

43.     Pursuant to the Production Request, Defendants improperly and unfairly sought records germane to discovery in aid of execution.  As a salient example, Commonwealth Financial sought seven (7) years worth of tax returns, pay records for three (3) years, pension records, and the like.

44.     The Production Request was reasonably calculated to harass, embarrass, oppress and impose an undue burden and expense to Mr. Vassi who was representing himself *pro se* in

-10-

the Broward County Collection Proceeding.

45.    The Production Request was contrary to the requirements of Rule 4-4.41, Rules Regulating The Florida Bar, entitled "Respect for the Rights of Third Persons," which provides in pertinent part:

> In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person or knowingly use methods of obtaining evidence that violate the legal rights of such a person.

Rule 4-4.4, Rules Regulating the Florida Bar

46.    As a result of the decision of Defendants to continue with the prosecution of the Broward County Collection Proceeding, Mr. Vassi retained counsel in the form of the Law Office of Robert W. Murphy, Esquire to represent his interest in the Broward County Collection Proceeding.

47.    As part of the representation of Mr. Vassi in the Broward County Collection Proceeding, counsel for Mr. Vassi filed *inter alia* an application to dismiss for improper venue.

48.    On April 18, 2008, Commonwealth Financial voluntarily dismissed without prejudice the Broward County Collection Proceeding.

49.    As a result of the actions of Defendants in the filing of the Broward County Collection Proceeding, Mr. Vassi has incurred attorney's fees in the defense of the Broward County Collection Proceeding.

50.    Defendants are personally guilty of intentional misconduct or gross negligence in the above described activities. Defendants either had actual knowledge of the wrongness of their

-11-

conduct and a high probability that injury or damage to Mr. Vassi would result and, despite that knowledge, intentionally pursued that course of conduct resulting in injury or damage, or alternatively, the conduct of Defendants was so reckless or wanting in care that it constituted a conscious disregard and indifference to the rights of the persons exposed to such conduct.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

51.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

52.     Mr. Vassi realleges and reaffirms the allegations contained in Paragraphs 1 through 50 above as if set forth hereat in full.

53.     At all times material hereto, Mr. Vassi was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

54.     At all times material hereto, First USA Bank, N.A. was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

55.     At all times material hereto, the Charge Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

56.     At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

57.     As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

(a)     used false, deceptive, or misleading representations in connection with the

-12-

collection of any debt in contravention of 15 U.S.C. §1692d;

(b)     engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692e;

(c)     made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A);

(d)     made a false representation of the compensation which may be lawfully received by any debt collector of a debt in contravention of 15 U.S.C.§1692e(2)(B)

(e)     made a threat to take any action that cannot legally be taken or is not intended to be taken in contravention of 15 U.S.C.§1692e(5);

(f)     failed to disclose in the initial written communication with Mr. Vassi as a consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in any subsequent communication that the communication is from a debt collector in contravention of 15 U.S.C.§1693e(11);

(g)     used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10); and

(h)     used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

58.     15 U.S.C. §1692g provides, in pertinent part, the following:

-13-

<u>Notice of Debts; Contents</u>

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(a)  The amount of the debt;

(b)  The name of the creditor to whom the debt is owed;

(c)  A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thiseof, the debt will be assumed to be valid by the debt collector;

(d)  A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e)  A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

59.    The Defendants violated the requirements of 15 U.S.C. §1692g by failing to provide Mr. Vassi with a notice of validation rights as required by the FDCPA.

60.    The Defendants violated the requirements of 15 U.S.C. §1692i by filing the Broward County Collection Proceeding in an impermissible judicial district.

61.    The Defendants violated the requirements of 15 U.S.C. §1692g by continuing the

-14-

collection of a debt prior to Defendants as debt collectors obtaining verification of the debt.

62.     The Defendants violated the requirements of 15 U.S.C. §1692c(c) by continuing to communicate with Mr. Vassi after being notified by Mr. Vassi in writing that Mr. Vassi refused to pay the debt.

63.     As a direct and proximate result of the violation of the FDCPA by the Defendants, Mr. Vassi has been damaged. The damages of Mr. Vassi include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, embarrassment and the cost and expense of medical treatment.

64.     Pursuant to 15 U.S.C. §1692k, Mr. Vassi is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

65.     Mr. Vassi has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Frank A. Vassi, an individual, demands judgment against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

66.     This is action for damages for violation of the Florida Consumer Collection

-15-

Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

67.    Mr. Vassi realleges and reaffirms the allegations contained in Paragraphs 1 through 50 above as if set forth hereat in full.

68.    At all times material hereto, the Charge Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

69.    At all times material hereto, Mr. Vassi was a "debtor" or "consumer debtor" as said terms are defined under Florida Statutes §559.55(2).

70.    At all times material hereto, First USA Bank, N.A. was a "creditor" as said term is defined under Florida Statutes §559.55(3).

71.    At all times material hereto, Defendants were "debt collectors" as said term is defined under Florida Statutes §559.55(6).

72.    As more particularly described above, the Defendants have violated the FCCPA in that the Defendants have:

(a)    Willfully engaged in conduct which reasonably can be expected to abuse or harass Mr. Vassi, in contravention of Florida Statutes §559.72(7);

(b)    Claimed, attempted or threatened to enforce a debt when Defendants knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9).

73.    As a direct and proximate result of the violation of the FCCPA by the Defendants, Mr. Vassi has been damaged. The damages of Mr. Vassi include but are not necessarily limited

to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

74.    As a direct and proximate result of the actions of Defendants, Defendants are liable for punitive damages in an amount to be determined by the reasonableness of the jury.

75.    Mr. Vassi has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

76.    Pursuant to Florida Statute §559.77, Mr. Vassi is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Frank A. Vassi, an individual, demands judgment for damages against Defendants, Adam Jeffrey Katz, P.A., a Florida professional association, doing business as "Law Offices of Adam J. Katz, P.A.," and Adam Jeffrey Katz, an individual, for actual, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Frank A. Vassi, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
rphyu@aol.com

-18-

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

COMMONWEALTH FINANCIAL SYSTEMS, INC.,
As successor in interest to First USA Bank,

CASE NO.:

      Plaintiff,

JUDGE:      07010740

vs.

      12

FRANK A VASSI,

## COMPLAINT

      Defendant

_____/

COMES NOW, the Plaintiff, Commonwealth Financial Systems, Inc., as successor in interest to First USA Bank, and through its undersigned counsel, files this complaint against Defendant, Frank A Vassi and state as follows:

### STATEMENT OF CLAIM

1. This is an action for damages that are within the jurisdictional limits of this Court, exclusive of attorney's fees and costs.

2. Plaintiff Commonwealth Financial Systems, Inc. is a corporation organized and existing under the laws of The United States of America and with its principal place of business located outside The State of Florida, which is engaged in interstate commerce. The plaintiff is the owner of this account and is predecessor in interest sold and assigned all right, title and interest in defendant's account with Original Creditor: First USA Bank, (Original Creditor Card acct # 5417122667134397).

3. In the ordinary course of business Commonwealth Financial Systems, Inc. purchases charged-off credit accounts, installment accounts and/or other credit lines.

4. Defendant Frank A Vassi is an individual, is sui juris, and is a resident of Broward County. Florida.



# EXHIBIT A

5.  All conditions precedent to the institution of the present action have occurred, been performed and/or excused.

6.  By use of the credit card the Defendant has accepted the terms and conditions of the credit card issuer.

7.  Defendant caused various charges to be made through the use of said card.

8.  Notice required by the Fair Debt Collection Practices Act, 15 U.S.C. 1601 et seq. is attached hereto as part of Exhibit "A".

## COUNT 1

Plaintiff realleges all of the allegations set forth in paragraphs "1" through "8", as if fully set forth herein and for Count I of the Complaint further alleges:

9.  On or about July 22, 2004 the Defendant Frank A Vassi failed to make timely payments which were due and previously aforementioned and referred to in paragraph 6 in accordance with the terms and conditions of the credit card issuer.

10. On or about June 30, 2006 the account and all right, title and interest to the account were sold, transferred, conveyed and assigned to Plaintiff Commonwealth Financial Systems, Inc..

11. The Plaintiff has rendered monthly statements directly to the Defendant.

12. Plaintiff made demand on Defendant and Defendant has failed to pay.

13. This account provides for Attorney's fees if the original creditor or its assignee is required to pursue litigation to collect on this debt.

14. Plaintiff has retained the undersigned Attorney for representation in these proceedings and is obligated to pay its attorney's fee for services rendered.

-2-

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant, Frank A Vassi in the principal amount due of $ 22,392.69 together with interest, court costs, Attorney's fees and any other relief this court may deem just and proper, for which let execution issue.

## COUNT II

## UNJUST ENRICHMENT

Plaintiff realleges all of the allegations set forthwith in paragraphs "1" through "8" as if fully set forth herein and for Count II of the Complaint further alleges:

15. Defendant received a financial benefit, which was in fact appreciated by the Defendant.

16. Defendant accepted the financial benefit.

17. By virtue of the circumstances surrounding the use of the credit card, Defendant knowingly requested the funds in issue and or knowingly and voluntarily accepted the benefits bestowed.

18. It would be inequitable for this Court to allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

-3-

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant Frank A Vassi, in the principal amount due of $ 22,392.69 together with interest, court costs, attorney's fees and any other relief this court may deem just and proper, for which let execution issue.

Dated this _____ day of _____, 2007.

**ADAM JEFFREY KATZ, P.A.**
**Attorney for Plaintiff**
**5571 University Drive, Suite 204**
**Coral Springs, FL 33067**
**Phone # (954) 761,8080**

**ADAM JEFFREY KATZ**
**FBN: 983217**

## NOTICE REQUIRED BY THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. SECTION 1601, AS AMENDED

1. The amount of the debt is set forth in the Complaint to which this Notice is attached as an exhibit.

2. The Plaintiff as set forth in the attached Summons and complaint is the creditor to whom the debt is owed.

3. The debtor may dispute the validity of the debt, or any portion thereof, within thirty (30) days of the receipt of this Notice. If the debtor fails to dispute the debt within thirty (30) days, the debt will be assumed valid by the creditor.

4. If the debtor notified the creditor's law firm in writing within thirty (30) days from receipt of this Notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain verification of the debt or a copy of a judgment and a copy of the verification will be mailed to the debtor by the creditor's law firm.

5. If the creditor named in the Complaint is not the original creditor, and if the debtor makes a written request to the creditor's law firm within thirty (30) days of receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

6. Written requests pursuant to this Notice should be addressed to : Adam J. Katz, Esquire, Adam Jeffrey Katz, P.A., 5571 University Drive, Suite 204, Coral Springs, Florida 33067.

7. This communication is for the purpose of collecting a debt, and any information obtained from the debtor will be used for that purpose. This communication is from a debt collector.

# EXHIBIT A

Clerk of the Court
Circuit Court of the 17th Judicial Circuit
201 S.E. 6th Street
Fort Lauderdale, FL 33301


July 6, 2007

I have enclosed a copy of the summons received, which requires a written response.

Item 4 of the statement of claim is denied. I am not and never have been a resident of Broward County.

Items 5, 6, 7, 9, 10, 11, are denied.

All other items listed do not provide enough information to me and, based upon the lack of information, are denied.

Notice required by the fair debt collection practices act 15 U.S.C. section 1601, as amended was attached and the following is requested:

- Verification of the debt including the original signed application and itemization of all charges.

- Proof that Commonwealth Financial Systems is the creditor to whom the debt is owed.

- I have previously denied this claim and was not provided with proof of this debt. I also have documents which exhibit that Commonwealth Financial Systems, has performed numerous violations of the Fair Credit Reporting Act in their handling of this claim.



Frank Vassi



Copy: Adam Katz, PA


EXHIBIT "B"



ADAM JEFFREY KATZ, P.A.
ATTORNEY AT LAW

MEMBER FEDERAL BAR

5571 UNIVERSITY DR. • SUITE #204
CORAL SPRINGS, FL. 33067

OFFICE: 954-761-8080 • FAX: 954-523-5725

MEMBER NATIONAL ASSOCIATION OF RETAIL COLLECTION ATTORNEYS

July 14, 2007

Mr. Frank Vassi
4050 NW 2nd Court
Delray Beach, Florida 33445

Re: **CFS v. Vassi**

Dear Mr. Vassi:

I am in receipt of your correspondence dated July 6, 2007 and thank you for same. As you are aware, your debt has been with several collection agencies prior to be placed with my firm for litigation. The reason for your refusal to pay is not relevant, but will prove to be a poor decision at this time should you continue on this path. While I acknowledge and respect your "rights" as a debtor pursuant to applicable Federal and State Law, I also acknowledge and respect the "attorney's fees provision" in your cardholder agreement with First USA Bank. This will ultimately prove to be your biggest nemesis should you refuse to acknowledge and pay this debt.

Within your response, you site venue, proof of debt, in addition to claims that my client has violated the FDCPA. I can assure you, that regardless of the merits of these defenses, your debt is valid and you will be satisfying same, the only issue is the amount. What that amount is squarely depends upon your conduct forthwith. If you choose to assert every defense under the sun, whether in good faith or bad, I will respond to same at the tune of $250.00 per hour. Therefore, I implore you to contact the undersigned immediately and be prepared to settle this matter in good faith.

If you choose the alternative, then I will litigate this matter until Final Judgment, revoke all settlement offers, and unltimately execute said Final Judgment with the maximum principal, interest, costs, suit money and attorney's fees as permitted by law. Govern yourself accordingly.

As always I remain,

Very truly yours,

Adam Jeffrey Katz, Esquire
AJK/jm

**EXHIBIT** "C"

IN THE COUNTY COURT OF THE 17th JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:07-CACE-010740
JUDGE: DORIAN DAMOORGIAN

COMMONWEALTH FINANCIAL SYSTEMS INC,
As successor in interest to First USA Bank,
        Plaintiff,

Vs.

FRANK VASSI etc ,
        Defendant,
_____/

## REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, the Plaintiff, COMMONWEALTH FINANCIAL SYSTEMS INC and requests the

Defendant, Frank Vassi  etc, pursuant to Rule 1.350 of the Florida Civil Rules, to produce the following

documents at the office of Adam J. Katz, P.A., 5571 University Drive, Suite 204, Coral Springs, Florida,

33067.

1.    Full, complete, and true copies of the income tax returns made by you to the United States

Government for the years 2001 through date of production, together with all schedules, accounts, and other

information submitted (or about to be submitted) to the United States Government, or as part of said income

tax returns.

2.    Full, complete, and true copies of all Florida Intangible Tax Returns filed by you, and work

sheets in connection therewith.

3.    All checks, checkbook stubs, bank books, and statements of any bank or banks or savings and

loan associations, and all books, records, and other papers that are in the possession or control of you, or any of

your employees, agents or attorneys, which in any way show the financial condition and/or financial affairs

and/or deposits and withdrawals made by you for the aforesaid years to the date of production.

4.    Any and all books and records of yours with respect to your assets, including security

investments, stocks, bonds, mutual funds or any other form of investments for the aforesaid years to date of

production.



EXHIBIT D

5.      Any and all records in your possession indicating your assets including security investments, stocks, bonds, mutual funds, or any other form of investment for the aforesaid years to the date of production.

6.      Any and all trust agreements, wills and codicils made by you and any and all records, deeds, notes, mortgages, and papers in your possession.

7.      Any and all trust instruments for any trusts in which you are a trustee or beneficiary or were a trustee or beneficiary.

8.      Any and all bankbooks or passbooks or deposit slips in or through which your name appears either individually or with another or others.

9.      Any and all insurance policies insuring your life, and disability policies presently in force, whether owned by you or any corporation in which you are an officer, director, stockholder, or employee.

10.     All receipts, vouchers, payments and cancelled checks made by you in connection with any investment in stock funds, mutual funds, government bonds, municipal bonds or any stocks, bonds, and trust certificates.

11.     Any and all statements from any brokerage house for any and all accounts you have had.

12.     Any and all financial statements prepared by you or on your behalf for the past three (3) years.

13.     Any and all paychecks, pay stubs, or other documents which in any way reflect any enumeration from any employer by whom you are not employed or by whom you have been employed for the past three (3) years.

14.     Any and all original deeds or other instruments creating your interest in any real estate in which you own any interest whatsoever.

15.     Any power of attorney which has been given to you to act for any reason.

16.     Any and all appraisal reports which you have received for any realty in which you have held an interest.

17.     Any and all statements relating to any pension or retirement plan in which you have an

interest, showing the extent of your interest as of the latest statements received, and disbursements of any such account.

18.     Any and all statements of accounts and individual charge slip records for any and all charge accounts which you have had.

19.     Any and all correspondence, promissory notes, contracts, or other writings, or copies thereof, which show or document any monies owed you by any other person regardless of whether said monies are still due and owing.

20.     Any and all correspondence, promissory notes, contracts, or other writings, or copies thereof, which show or document any monies you presently owe to any person or money you owed to any person regardless of whether said monies are still due and owing.

21.     Copies of all judgments which you presently hold against any other person or entity, or which you held against any other person, regardless of whether said judgments have been satisfied.

22.     Copies of all judgments which you have been or are now held by any other person or entity against you, regardless of whether they have been satisfied.

23.     Any and all promissory notes and account statements for any loan which you jointly or individually have received from any bank, trust companies, savings and loan institution, credit union, or other organization.

24.     The keys and any and all rental statements for any safety deposit boxes which you have or had.

25.     Any and all written inventories or lists of your personal property which have been prepared.

26.     The originals or copies of all real estate tax bills and paid tax receipts for any and all real property which you presently own or have any interest in, either individually or jointly with some other person.

27.     Any and all mortgage instruments wherein you are, or were, either mortgagor or mortgagee.

28.     Any and all real property tax bills, homestead exemption receipts, title insurance policies, bills of sale, mortgages, promissory notes, deposit receipt contracts, and all closing statements in regard to the sale or purchase of any real or personal property which you bought or sold.

29.     Any and all applications for credit or loans from any bank, credit union, or lending institutions, or issuer of credit cards.

30.     Any and all titles, license tag registrations, and certificates for all automobiles, boats, airplanes or other vehicles in your ownership, control, or possession, and any and all lease agreements in connection with said vehicles.

31.     Any and all employment agreements made by you in connection with your present employment.

32.     Any and all net worth statements filed by you with financial institutions or prepared in connection with any business or other entity with which you have been associated.

33.     Any and all leases or other rental or purchase agreements you have entered into in connection with any residence or office.

34.     The name and address of all witnesses you will call to testify at trial.

PLEASE TAKE NOTE that, if any of the above-mentioned books, records or papers have been lost or destroyed, there be furnished to the undersigned, on or before the date specified, a written general description thereof, sufficient to identify them with a statement of whether they have been lost or destroyed, and the approximate date of such loss or destruction, as the case may be.

PLEASE TAKE NOTICE that, if any of such books, records, papers or things are in the possession or control of any other person, that you are required to deliver to the undersigned within the specified period, a written general description thereof, sufficient to identify them, together with the names and addresses of the persons who have custody of them.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that that a true and correct copy of the foregoing Request for

Production  by U.S. Mail to Mr. Frank Vassi etc,4050 N.W. 2nd Court., Delray Beach, Florida 33445 this

19th day of February, 2008.


Adam Jeffrey Katz, P.A.
Adam J. Katz
Attorney for Plaintiff
5571 University Dr., Ste 204
Coral Springs, Florida 33067

By:

Adam J. Katz, Esquire
Florida Bar 983217

**JS 44** (Rev. 11/05)

# 08-80505-Civ-ZLOCH/SNOW

## CIVIL COVER SHEET

FILED by _____ D.C.

ELECTRONIC

**MAY 12, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) NOTICE: Attorneys MUST Indicate All Re-filed

### I. (a) PLAINTIFFS

Frank A. Vassi, an individual

**DEFENDANTS**

Adam Jeffrey Katz, P.A., a Florida prof
Adam Jeffrey Katz, an individual

**(b)** County of Residence of First Listed Plaintiff    Palm Beach
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Robert W. Murphy, Esquire
1212 SE 2nd Avenue
Ft. Lauderdale, FL 33316          Telephone: (954) 763-8660

Attorneys (If Known)

08cv 80505-WJZ/LSS

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO

JUDGE                                    DOCKET NUMBER

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

Violation of 15 U.S.C. §1692 et sequi (Fair Debt Collection Practices Act)

LENGTH OF TRIAL via   2   days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  5/c/08

**FOR OFFICE USE ONLY**

AMOUNT  350 -    RECEIPT #  643122    IFP